IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO.:

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF MMHB & ASSOCIATES,<br><br>Plaintiffs,<br><br>v.<br><br>LANIER CONTRACTING SERVICES, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendants. | **COMPLAINT** |

Plaintiff, United States Of America For The Use And Benefit Of MMHB & Associates ("MMHB") complaining of the acts of the Defendants Lanier Contracting Services Inc., ("Lanier") and Travelers Casualty and Surety Company of America ("Travelers"), alleges and states that:

## PARTIES AND SERVICE

1. MMHB is a Georgia corporation with its office and principal place of business located in Forest Park, Georgia.

2. Upon information and belief, Lanier is a Georgia corporation with its office and principal place of business located at 500 Pirkle Ferry Road, Suite D, Cumming, Georgia, 30040.

3. Upon information and belief, Travelers is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the Miller Act, 40 U.S.C. § 3131, et seq., because this contract related to work on a Veterans Affairs Medical Center in Asheville, North Carolina. The Court has supplemental jurisdiction over the other causes of action under 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 40 U.S.C. § 3133 because work performed by MMHB on the Veterans Affairs Medical Center occurred in Asheville, North Carolina, which is located in the Western District of North Carolina. In addition, venue is proper under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred in the Western District of North Carolina.

## BACKGROUND FACTS

6. Lanier entered into a contract ("Prime Contract") with the Department of Veterans Affairs Medical Center to renovate a building that was part of the Veterans Affairs Medical Center in Ashville, North Carolina ("the project"). The Prime Contract is Contract No. VA-246-13-C-0032.

7. Lanier, as principal, and Travelers, as surety, executed a payment bond in the amount of $1,280,070 on March 8, 2013.

8. MMHB entered into a contract ("Subcontract") with Lanier to perform HVAC work for the project for the sum of $467,971.00. The Subcontract is attached as Exhibit A.

9. MMHB performed work and supplied labor and materials pursuant to the Subcontract.

10. After beginning work on the project, Lanier issued two approved change orders. Change Orders One and Two are attached as Exhibit B.

11. Collectively, the change orders increased the contract price from $467,971 to $492,015.18.

12. MMHB has invoiced Lanier for the full amount of the contract, including approved change orders. Lanier has paid only $417,682.70. Lanier has failed and refused to pay an undisputed outstanding contract balance of $74,332.48. True and correct copies of the unpaid invoices are attached hereto as Exhibit C.

13. The Subcontract was only supposed to require 245 days of work. However, the project became delayed requiring MMHB to perform 341 additional days of work resulting in a total contract duration of 586 days.

14. MMHB requested $227,174.19 from Lanier for the additional 341 days of work pursuant to the Subcontract and as detailed in the letter attached hereto as Exhibit D.

15. MMHB has not been compensated for the 341 additional days of work.

16. In March, 2015, MMHB was directed by Lanier and the Veterans Administration to repair a HV-2 Chilled Coil which had frozen and ruptured and subsequently directed by Lanier to replace the the coils that had been repaired.

17. Pursuant to Lanier's directive and its instructions to submit a claim for the costs associated with replacement, MMHB submitted a claim for $31,881.00. The claim is attached hereto as Exhibit E.

18. MMHB has not been compensated for the additional costs incurred for replacement of the ruptured coil.

19. MMHB last performed work on the project on June 10, 2015.

20. MMHB properly invoiced Lanier for all work performed on the project.

21. Lanier and Travelers have failed and refused to pay MMHB for all of the work performed on the project.

22. MMHB has provided notice of its claims to Lanier and Travelers but has not been paid.

## COUNT ONE: BREACH OF CONTRACT
### (Defendant Lanier)

23. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

24. MMHB and Lanier entered into a Subcontract for $467,971 which was later increased to $492,015.18.

25. MMHB performed the work required by the Subcontract and invoiced Lanier for the total contract price.

26. To date Lanier has paid MMHB only $417,682.70. Lanier has failed and refused to pay an undisputed outstanding contract balance of $74,332.48.

27. Thus, MMHB is entitled to recover the balance of the contract price that Lanier has failed to pay.

28. In addition, MMHB performed additional work at Lanier's direction and submitted a change request for $31,881.00 for which it has not been paid.

29. MMHB has suffered damages in the amount of $106,213.48 due to Lanier's failure to pay MMHB for work performed as required by the Subcontract.

30. MMHB has demanded payment but the amount due has not been paid.

31. Pursuant to N.C. Gen. Stat. § 6-21.2 MMHB hereby notifies Lanier that unless payment in the amount of $106,213.48 is made within five days of the date of service of this Complaint, MMHB will seek its reasonable attorneys' fees in the amount of 15% of the balance owing.

32. Therefore, MMHB is entitled to recover from Defendants at least $106,213.48, or such greater or other amount to be proven at trial, plus interest on that amount due from the date such sum was due until the amount due is paid at the highest rate allowed by law. MMHB is also entitled to recover its reasonable attorneys' fees and the costs of this action.

### COUNT TWO: BREACH OF CONTRACT
### DELAYS AND LOST PRODUCTIVITY
### (Defendant Lanier)

33. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

34. MMHB was originally scheduled to complete the Subcontract after 245 days of work.

35. MMHB's Subcontract price was based upon an estimated duration of 245 days.

36. As a direct and proximate result of Lanier's mismanagement, the project was delayed by 341 days.

37. This delay has caused MMHB damages because it has not been compensated for the additional 341 days of work it performed.

38. MMHB has demanded that Lanier pay it $227,174.19 for the additional work performed.

39. Lanier has refused to compensate MMHB for the additional work MMHB performed due to delays.

### COUNT THREE: QUANTUM MERUIT/UNJUST ENRICHMENT
**(Defendant Lanier)**

40. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

41. Lanier requested and induced MMHB to perform work for the project and promised MMHB that it would pay for the work.

42. MMHB relied on Lanier's promise and performed work on the project.

43. However, Lanier has failed and refused to pay MMHB $333,387.67 for the work MMHB performed, which is the reasonable value of the labor, materials, and improvements that MMHB made to the building.

44. Lanier and the United States Department of Veterans Affairs has accepted the benefit of the work performed by MMHB at the project.

45. As a result of Lanier's failure to fulfill its promise to MMHB, MMHB has suffered damages of at least $333,387.67.

46. It is inequitable for Lanier to receive the benefit of MMHB's work without compensating MMHB for the value of the work performed.

47. Therefore, MMHB is entitled to recover at least $333,387.67 from Lanier, or such greater or other amount to be proven at trial, plus interest as allowed by law from the date such sum was due until paid at the rate allowed by law.

### COUNT FOUR: ACTION ON PAYMENT BOND

48. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

49. Travelers, as surety, and Lanier, as principal, executed a Payment Bond for the project in the penal sum of $1,280,070.

50. The Payment Bond bound Travelers and Lanier, to promptly make payment to all persons having a direct relationship with the Principal for furnishing labor, material or both in the prosecution of the work provided for in the Prime Contract and any authorized modifications thereto.

51. Pursuant to the Miller Act, 40 U.S.C. § 3131, et. seq., Travelers and Lanier are jointly and severally liable to pay every person that has furnished labor or material in carrying out work provided for in the Prime Contract for the amount due that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made.

52. MMHB has a direct contractual relationship with Lanier to furnish labor, materials, work, and services for the project provided for in the Prime Contract.

53. MMHB furnished labor and material in carrying out the work provided for in the Subcontract, and it has been more than 90 days since MMHB performed work on the project.

54. MMHB has performed in accordance with the terms of the Subcontract, but has not been paid at least $333,387.67 for work, labor, and materials provided for the project.

55. MMHB has not been paid by Travelers.

56. Lanier and Travelers breached the terms of the Payment Bond and their obligations under the Miller Act by failing to pay MMHB for labor, work, and materials supplied by MMHB to the project.

57. As a result of such nonpayment and breaches by Lanier and Travelers, MMHB has been damaged in the principal amount of at least $333,387.67.

58. Despite demand for payment, Lanier and Travelers have not paid the sum due MMHB under the Payment Bond

59. MMHB last performed work on the project on June 10, 2015, thus this Complaint has been filed within one year of that date.

60. All conditions precedent to MMHB's entitlement to recover under the Payment Bond have been met by MMHB, or have been waived or excused.

61. MMHB is entitled to interest on the amount due under the Payment Bond at the legal rate from the date the amount was due until the date the amount is paid.

62. Therefore, MMHB is entitled to recover from Lanier and Travelers jointly and severally, under the Payment Bond and 40 U.S.C. § 3133 in the principal amount of at least $333,387.67, or such other amount to be proven at trial, plus interest on the amount due under the Payment Bond at the legal rate from the date the amount was due until the date the amount is paid, plus costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays this Court for relief as follows:

1. Judgment in favor of MMHB that Lanier breached the contract in the amount of at least $333,387.67, or such other amount to be proven at trial, plus interest at the legal rate from

the date the amount became due to the date of judgment, or if such interest rate is not allowed, at the rate allowed by applicable law from the date such amount was due until paid;

2. In the alternative, judgment that MMHB conferred a benefit on Lanier, Lanier accepted that benefit, and the value of that benefit is at least $333,387.67, or such greater or other amount to be proven at trial, plus interest at the legal rate from the date such amount was due until paid;

3. Judgment that Lanier and Travelers, jointly and severally, owe MMHB at least $333,387.67 pursuant to the Miller Act and the Payment Bond;

4. MMHB be awarded post-judgment interest at the rate allowed by law;

5. MMHB be awarded its costs of this action, including but not limited to its attorneys' fees as allowed by law;

6. That this case be tried by a jury; and

7. That MMHB be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 31st day of May, 2016.

MEYNARDIE & NANNEY, PLLC

*/s/ Robert A. Meynardie*
Robert A. Meynardie
N.C. State Bar # 20566
*/s/ Kenzie M. Rakes*
Kenzie M. Rakes
N.C. State Bar #46349

2840 Plaza Place, Suite 360
Raleigh, North Carolina 27612
Telephone: (919) 747-7373
Facsimile: (919) 324-3693
Email: bob@mnlaw-nc.com
*Attorneys for Plaintiff*